[Crim. No. 3312. Third Dist. June 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. KENTON DALE McHENRY, Defendant and Appellant.

Jerry Guthrie, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Plaintiff and Respondent.

SCHOTTKY, J.—Kenton Dale McHenry was convicted by a jury of four counts of incest (Pen. Code, § 285) and one count of lewd and lascivious conduct (Pen. Code, § 288). He has appealed from the judgment entered and from the order of the court denying his motion for a new trial.

Appellant does not challenge the sufficiency of the evidence to sustain the judgment so it will be unnecessary to detail the sordid and degrading acts shown by the record. It is sufficient to state that the evidence pointing to the guilt of appellant was very strong.

 Appellant's first contention is that it was prejudicial error to admit in rebuttal the testimony of Mr. Lieb, the superintendent of the school, that S. H. had not made a charge of molesting against Mr. S.

Respondent in reply argues that the admission of this testimony was not error as it was admitted to meet evidence offered by the appellant as a defense and not to show appellant's disposition to commit a crime.

During the cross-examination of the victims, Judith and Caroline, by appellant's counsel, each was asked whether it was a fact that in the State of Washington a girl in her school, S. H., had accused Mr. S., Judith's teacher, of the same thing she was accusing her father of now, and whether it was a fact that Judith obtained the language and idea of the present charge against appellant from this incident.

On direct examination the appellant testified in detail as to the alleged accusation made by S. H. against Mr. S. in Washington. On cross-examination the appellant testified that he was positive his children, Judith and Caroline, had heard this charge. On recross-examination the appellant testified that S. H. had made a charge against Mr. S. of child molesting. He further testified that a school board meeting had been held to consider the charges against Mr. S. Appellant finally reluctantly admitted that, in fact, the meeting involved himself and Mr. S. He denied that only he was involved, and he denied that the charge was brought by S. H. against him.

In rebuttal the prosecution called Mr. Lieb who testified that he had been superintendent of schools during the school year 1955-1956; that at the end of that school year S. H. had made a charge of molesting against one of the two male teachers; and that Mr. S. was not involved in any charge whatsoever by S. H.

Appellant's contention is premised upon the argument that the admission of Mr. Lieb's testimony constituted prejudicial error because it was evidence of another crime. However, as stated in *People* v. *Boyd*, 95 Cal.App.2d 831 [213 P.2d 724] at page 832: ". . . The general rule is that when a person is charged with the felonious commission of a sexual offense evidence of similar acts committed upon persons other

than the prosecuting witness is ordinarily inadmissible. (*People* v. *Asavis,* 22 Cal.App.2d 492, 494 [71 P.2d 307].) But there are exceptions to this general rule. The evidence was admissible in the instant case for the purpose of showing defendant's lewd and lascivious intent (*People* v. *Knight,* 62 Cal.App. 143, 146 [216 P. 96]; *People* v. *Owen,* 68 Cal. App.2d 617, 620 [157 P.2d 432]), his disposition to commit the act charged and the probability of his having committed it (*People* v. *Jewett,* 84 Cal.App.2d 276, 279 [190 P.2d 330]), and as tending logically and by reasonable inference to prove the commission of the act of which he was accused."

And as stated in the very recent case of *People* v. *Malloy,* 199 Cal.App.2d 219 [18 Cal.Rptr. 545] at page 232: "An examination of the authorities leaves us with the undisturbed conviction that, in California, the rule permitting the admission in evidence of other offenses to show criminal intent, guilty knowledge, motive or a common plan or scheme has no special exception for cases involving lewdness, or indeed for sex crimes generally. In cases involving sex crimes as in other cases, the offered evidence must meet the test of relevancy. If it does, it is not excluded because it reveals the commission of an offense other than that charged (*People* v. *Peete, supra,* 28 Cal.2d 306 [169 P.2d 924]) or has a prejudicial effect (*People* v. *Westek, supra,* 31 Cal.2d 469 [190 P.2d 9]). In prosecutions for rape, evidence of a prior rape, committed by the defendant on another woman has been held admissible on the ground that it showed a common plan or scheme (*People* v. *Cassandras, supra,* 83 Cal.App.2d 272 [188 P.2d 546]), and 'a peculiar or characteristic behavior pattern.' (*People* v. *Crisafi,* 187 Cal.App.2d 700, 707 [10 Cal.Rptr. 155].)"

There was no error in the admission of Mr. Lieb's testimony for still another reason. Appellant himself upon cross-examination of Judith and Caroline brought up the matter of the charges made in the school in the State of Washington in an apparent attempt to prove that the charges made against him by the girls were inspired by and patterned after the charges made against Mr. S. Appellant also testified regarding the Washington incident in his direct examination. It was therefore quite proper for the prosecution to call the school superintendent Lieb and interrogate him about the incident in order that the jury could weigh the force of the statements made by appellant and thus impeach the testimony of appellant. The mere fact that the rebuttal evidence im-

plicated appellant in another sex crime did not make the evidence inadmissible.

As stated in McCormick on Evidence, section 47, at page 102: "A witness has told a story of a transaction crucial to the controversy. To prove him wrong in some trivial detail of time, place or circumstance is 'collateral.' But to prove untrue some fact recited by the witness that if he were really there and saw what he claims to have seen, he could not have been mistaken about, is a convincing kind of impeachment that the courts must make place for, despite the fact that it does not meet the test of admissibility apart from the contradiction. To disprove such a fact is to pull out the linchpin of the story. So we may recognize this third type of allowable contradiction, namely, the contradiction of any part of the witness's account of the background and circumstances of a material transaction, which as a matter of human experience he would not have been mistaken about if his story were true. This test is of necessity a vague one, as it must meet an indefinite variety of situations, and consequently in its application a reasonable latitude of discretionary judgment must be accorded to the trial judge."

Appellant contends also that the court erroneously admitted the testimony of a Mr. Lazier which was offered in rebuttal. In the absence of the jury Herbert G. Lazier, a special agent of the California Department of Justice and a polygraph expert, testified he had a conversation with appellant concerning the accusation against him. Lazier told appellant that any statement he might make was voluntary. No threats or promises were made. The conversation was had preparatory to the giving of a polygraph test, but the test itself had not been administered. Then in the presence of the jury Lazier testified as to the statements made by appellant. A sufficient foundation was laid to show that the admissions of appellant were voluntary. (*People* v. *Martinez*, 180 Cal. App.2d 690 [4 Cal.Rptr. 829].)

Appellant argues that any statements made prior to the giving of a polygraph examination were inadmissible and that the use of the lie detector, even though not employed at the time of the admissions, renders them inadmissible. While it is true that the law is established that results of lie-detector tests are not admissible in evidence (*People* v. *Aragon*, 154 Cal.App.2d 646 [316 P.2d 370]; *People* v. *Parrella*, 158 Cal. App.2d 140 [322 P.2d 83]; *People* v. *Wochnick*, 98 Cal.App. 2d 124 [219 P.2d 70]) and the results may not be indirectly

introduced (*People* v. *Aragon, supra*; *People* v. *Wochnick, supra*), it is not the law that any statements made prior to the giving of a lie-detector test are inadmissible. Only the result of the test is inadmissible. As stated in an annotation in 23 American Law Reports 2d 1310:

"Voluntary confessions obtained from an accused have been held not to have been rendered inadmissible by reason of the fact that a lie detector was employed during the interrogation of the prisoner.

"Where a lie detector was employed by police officers as a means of obtaining a confession, otherwise voluntary, it was held in *Commonwealth* v. *Hipple* (1939) 333 Pa. 33 [3 A.2d 353], that a confession so obtained was admissible in evidence, it appearing that the record of the lie detector was not offered in evidence."

Appellant's contention that the court erred in admitting the testimony of Mr. Lazier cannot be sustained. The fact that appellant was preparing for a polygraph test was a factor to be considered on the question of whether or not appellant's statements were voluntary but would not of itself exclude such statements. (*People* v. *Lettrich*, 413 Ill. 172 [108 N.E.2d 488]; *Tyler* v. *United States*, 193 F.2d 24; *State* v. *Dehart*, 242 Wis. 562 [8 N.W.2d 360]; *Leeks* v. *State*, 95 Okla. Crim. 326 [245 P.2d 764].)

This conclusion would appear to be supported by the following language of our Supreme Court in the recent case of *People* v. *Ditson*, 57 Cal.2d 415 [20 Cal.Rptr. 165, 369 P.2d 714], at page 431: ". . . As hereinabove indicated, for the purposes of this opinion to the extent that it may benefit defendants we shall assume—without deciding—that the subject confession was properly excluded as involuntary, although the evidence would appear to support a determination by us (see *People* v. *Trout* (1960) 54 Cal.2d 576, 583 [3] [6 Cal.Rptr. 759, 354 P.2d 231], and cases there cited) that neither the questioning of Cisneros by the polygraph officer nor any or all of the surrounding circumstances constituted coercion or overreaching or provided any 'motivating cause of the confession' (see *People* v. *Brommel* (1961) 56 Cal.2d 629, 632 [1] [15 Cal.Rptr. 909, 364 P.2d 845])."

What is stated above is not intended as a blanket endorsement of the use of all confessions (or admissions) obtained as a part of the taking of a polygraph test or the proceedings preliminary or subsequent thereto. All we hold is that on the facts shown here the statement was admissible.

In summary, a careful study of the record convinces us that the appellant received a fair and impartial trial; that the jury was fully, fairly and correctly instructed; and that no prejudicial error was committed.

The judgment and order are affirmed.

Peek, P. J., and Pierce, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 15, 1962.