195 So.2d 257 (1967)
Lowell Wayne ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 7166.
District Court of Appeal of Florida. Second District.
February 22, 1967.
*258 Joseph G. Spicola, Jr., Public Defender, and Marcus A. Wilkinson, III, Asst. Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Judge.
Appellant, defendant below, appeals from a judgment and sentence entered pursuant to a jury verdict finding him guilty of manslaughter in violation of Fla.Stats. § 782.07, F.S.A.
Defendant was charged and convicted on a direct information for causing the death of a twenty-two month old female child through excessive chastisement, punishment, abuse and ill-treatment which caused mortal wounds.
Five points have been assigned as error for this court's determination. First, it is contended on behalf of the defendant that the trial court, as a matter of law, committed error in its failure to direct a verdict in favor of defendant at the close of the state's case. We find this contention to be without merit. Evidence adduced during the trial by the state consisted of the testimony of the child's mother, two doctors, a pathologist, and a polygraph examiner, and photographs of the child. Doctors Barbas, Krause and Moseley testified in great detail as to the injuries and cause of death. The child's mother testified that defendant periodically punished the child through whipping, beating and other means of bodily harm. We believe that the testimony contained in the record on appeal is sufficient to warrant the case going to a jury and the jury finding against the defendant.
The second point, charging that the trial judge committed error in his failure to direct a verdict in favor of defendant at the close of all the evidence, is without merit for the reasons set forth above.
Defendant's third point contends that it was error to admit into evidence the state's exhibits 1 through 5, consisting of photographs of the deceased. We do not agree that the photographs admitted are irrelevant. They further substantiate and support the medical testimony offered by the state and are not so inflammatory and prejudicial as to require their exclusion. Belger v. State, 171 So.2d 574 (D.C.A.Fla. 1965); Gragg v. State, 177 So.2d 59 (D.C.A.Fla. 1965).
Defendant contends in his fourth point that it was error to admit the testimony of the polygraph expert. Defendant had voluntarily submitted himself to the polygraph test administered by Mr. Allison, whose testimony was adduced at the trial. On appeal it is contended that Mr. Allison failed to advise the defendant of his constitutional rights before the tests were administered. It is true that polygraph tests can be excluded upon objection by the defendant; however, the examiner may testify to statements or admissions made by the defendant when it is shown that these statements or admissions were freely and voluntarily made. The record clearly shows that the defendant in the instant case freely and voluntarily submitted to the polygraph tests, and we believe it was not error for this testimony to be admitted. See Johnson v. State, 166 So.2d 798 (D.C.A.Fla. 1964).
The fifth and final point goes to the trial judge's refusal to grant a new trial on newly discovered evidence. First, we do not believe it was error for the court to deny a new trial for the reasons that if the newly discovered evidence were, in fact new, it was not of sufficient weight to alter the *259 outcome of the trial. Second, the evidence if it were new was easily available to the defendant prior to the time of the trial.
No error having been made to appear, we affirm the decision and judgment of the trial court.
ALLEN, C.J., and SHANNON, J., concur.