RONALD RAWLINGS *v.* STATE OF MARYLAND

[No. 464, September Term, 1968.]

*Decided September 9, 1969.*

---

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James W. McAllister* for appellant.

*John J. Garrity, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *David R. Eaton, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

In this appeal from convictions by a jury of attempted robbery and assault with intent to murder, the single issue is whether the results of a polygraph or lie detector test administered to appellant at his request were improperly excluded from evidence.

The record indicates that appellant's motion for a new trial, after convictions on the above charges, was granted by the lower court. Prior to granting the new trial, the court signed an order, at the request of the appellant and without objection from the State, directing appropriate Baltimore City Police Department personnel to administer a lie detector test to the appellant. Several tests were conducted and at the second trial, appellant, over objection by the State, sought to introduce into evidence the results of those tests. The trial judge sustained the State's objection and further ruled that counsel should in no way bring to the jury's attention that such tests had been administered.

The appellant first argues that the lower court erred

since counsel for the State and the defense had agreed to the admission of the lie detector results. The record, however, does not support the factual posture advanced by the appellant. It clearly shows that although the State interposed no objection to administering the lie detector tests, it strenuously objected to the admission into evidence of the results. No express agreement that the results of the test would be admissible was shown to have been made and we cannot find on the record before us that the State's acquiescence in the giving of the test amounted to such an agreement.[1] Accordingly, we find no merit in this contention.

It would appear that the admissibility, *vel non*, of the results of a lie detector test is one of first impression in this State. The Court of Appeals did find occasion to state in *Lusby v. State*, 217 Md. 191, 194-195: "Of course, the result of a lie detector test is almost universally excluded as evidence." The Court went on to say, however: "But in this case, there is no question as to the admissibility of the *result*."

It would appear, however, that the *dicta* in *Lusby*, although enunciated over a decade ago, still represents the view adopted by an overwhelming majority of State and Federal courts today, notwithstanding the assertion of some authorities that advances in the science or art of lie detecting are such as to make the results of lie detector tests, when given under proper conditions, acceptable as evidence. See McCormick, *Evidence*, § 174; Kaplan, *The Lie Detector: An Analysis of Its Place in the Law of Evidence*, 10 Wayne Law Review 381; and Pfaff, *The Polygraph: An Invaluable Judicial Aid*, 50 A.B.A.J. 1130 (1964).

Perhaps the most recent and well-articulated judicial opinion on the subject is that of Chief Justice Kenison, speaking for the Supreme Court of New Hampshire in *State v. Laforest*, 207 A. 2d 429:

---

1. We do not imply that the trial judge would be bound by any such stipulation.

"Polygraph and scientific tests to determine deception are familiar investigative devices in criminal investigation and are employed generally in industry and government for various purposes. Inbau & Reid, Lie Detection and Criminal Interrogation (3d ed. 1953); Silving, Testing the Unconscious in Criminal Cases, 69 Harv. L. Rev. 683 (1956); 50 A.B.A.J. 470 (1964). See also, Hearings Before Committee on Government Operations of House of Representatives, "Use of Polygraphs as 'Lie Detectors' by the Federal Government" (Parts 1, 2, 3 and 4, 1964). Nevertheless the results of these tests have been rejected by the courts as evidence of guilt or innocence of the accused by the overwhelming weight of judicial authority on the ground that these tests have not yet attained sufficient scientific acceptance as an accurate and reliable means of ascertaining truth or deception. Annot. 23 A.L.R.2d 1306; 3 Wigmore, Evidence (3d ed.) s. 999 (1964 supp.); *People v. Boney*, 28 Ill.2d 505, 192 N.E.2d 920; *State v. Driver*, 38 N. J. 255, 183 A. 2d 655."

\* \* \*

"In this case we follow the general rule that evidence of polygraph tests is inadmissible (*Commonwealth v. Fatalo*, 346 Mass. 266, 191 N.E.2d 479) and we follow the general rule that the accused's willingness or refusal to take a polygraph test is likewise inadmissible. Annot. 95 A.L.R.2d 819; *State v. Mottram*, 158 Me. 325, 184 A. 2d 225."

We have examined all available authorities and have concluded that at this stage in the science or the art of lie detecting, the rationale of the general rule expressed above represents the sounder approach to the issue. Accordingly, we find no fault in the lower court's excluding the results of the lie detector tests administered to the

appellant and we find no merit in the contention that the State acted "unfairly" in objecting to their admission.

*Judgments affirmed.*