No. 48,157

STATE OF KANSAS, *Appellant,* v. JERRY L. BLOSSER, *Appellee.*

(558 P. 2d 105)

Opinion filed December 11, 1976.

*James L. Hargrove,* deputy county attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Wallace F. Davis,* county attorney, and *Brett Coonrod,* legal intern, were with him on the brief for the appellant.

*Allyn M. McGinnis,* of El Dorado, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This in an interlocutory appeal by the state from an order suppressing evidence of oral incriminating statements made by the defendant during the course of a polygraph examination.

On June 20, 1975, a complaint was filed against Jerry L. Blosser charging him with rape, kidnapping and felonious assault of a seventeen year old girl. On July 18, 1975, defendant Blosser, accompanied by his attorney, went to the office of the Butler county sheriff for the purpose of undergoing a polygraph examination respecting the charges. There was no agreement as to the use of the results or disposition of the charges. The test was to be conducted by Thomas B. Lyons, special agent and polygraph examiner for the Kansas bureau of investigation who, about a year previously, had given defendant a polygraph examination when he was involved in a similar situation. After the examiner assured himself that

defendant was aware of his constitutional rights defendant's counsel left the room where the examination was to be given. During the preexamination preparation or questioning by Mr. Lyons and before defendant had been connected to the machine, defendant stated that he had restrained the girl from leaving his truck and had had forcible intercourse with her. He also said he had had intercourse with other girls in similar situations but they did not bring complaints against him. Later Lyons attached the machine to defendant and conducted the polygraph examination.

Defendant was held for trial and an information charging him with the offenses was filed. On the morning of his trial in district court, immediately after the jury had been sworn, defendant orally moved to suppress the evidence of his oral admissions to the polygraph examiner. The trial court held a hearing on this belated motion out of the presence of the jury, at which Lyons was the only witness, and it sustained the motion on the ground defendant's statements were "part and parcel of the polygraph examination."

Immediately following the court's ruling the state indicated its desire to appeal from the ruling. After considerable discussion between the parties and the court as to how they should proceed, defendant's counsel and defendant personally agreed that the jury might be dismissed, a ruling on the point would be obtained from this court, and thereafter that upon retrial before another jury defendant would waive any right to plead former jeopardy. In effect the parties agreed that the trial court should declare a mistrial in the jury proceeding. This appeal ensued.

The modern polygraph is intended to reflect changes in the examinee's blood pressure or pulse rate, respiration rate and depth and galvanic skin response while undergoing questioning. It is used on the theory that conscious lying causes these changes. From the physiologic manifestations shown on the machine the operator comes to a conclusion or opinion as to whether the examinee is telling the truth or is being deceptive in answers to relevant questions. Despite advances which have been made in the field it remains established in Kansas, and virtually every jurisdiction, that, in the absence of stipulation between the parties, the results of a polygraph examination are not admissible in evidence (*State v. Watkins*, 219 Kan. 81, 547 P. 2d 810). The reason for their rejection is that the polygraph or lie detector is not an instrument which automatically and unerringly discloses a lie by the person being tested. It cannot be said to be completely accurate because of the

human elements involved—the psychological and emotional makeup of the examinee and the competence of the examiner in conducting the test and evaluating the results (see Anno.: Evidence—Deception Tests, 23 ALR 2d 1306; Anno.: Polygraph—Stipulation of Admissibility, 53 ALR 3d 1005; *State v. Lowry*, 163 Kan. 622, 185 P. 2d 147).

Here we are not concerned with the results of a polygraph examination—the examiner's opinion based upon his interpretation of the data shown by the machine—but rather with oral statements made by the examinee during the course of the examination. We have never ruled on this matter directly but have touched it by way of dicta. . In *State v. Lowry*, supra, the operator who conducted a lie detector test upon the defendant and the complaining witness was permitted, over defendant's objection, to testify as to the results of the tests and give his interpretation of such results on questions bearing directly upon defendant's guilt or innocence. There was no stipulation concerning the results of the test. After discussing the use of lie detectors and their shortcomings this court concluded the results were inadmissible absent a stipulation to that effect, but added:

"All this is not to discredit the lie-detector as an instrument of utility and value. Its usefulness has been amply demonstrated by detective agencies, police departments and other law-enforcement agencies conducting criminal investigations. It is also being frequently employed in matters, other than investigation of crimes. *By its use admissions and confessions are frequently secured,* and facts developed which assist in further discoveries. *Such admissions and confessions, if otherwise competent, have generally been admitted, and no reason now appears why they should not be admitted.* But we are not here dealing with such questions." (Emphasis supplied.) (p. 628.)

Other courts have dealt with the issue and with a single exception have held that admissions made by an accused during the course of a polygraph examination are admissible where found to be voluntarily made. Decisions holding or recognizing that such admissions are admissible include the following: *People v. Porter,* 136 Cal. App. 2d 461, 288 P. 2d 561; *People v. McHenry,* 204 Cal. App. 2d 764, 22 Cal. Rptr. 621; *Johnson v. State,* Fla. App., 166 So. 2d 798; *Roberts v. State,* Fla. App., 195 So. 2d 257; *State v. Bowden,* Me., 342 A. 2d 281; *State v. Keiper,* 8 Or. App. 354, 493 P. 2d 750; *Commonwealth v. Hipple, Appellant,* 333 Pa. 33, 3 A. 2d 353; *Commonwealth v. Jones, Appellant,* 341 Pa. 541, 19 A. 2d 389; *Jones v. Commonwealth,* 214 Va. 723, 204 S. E. 2d 247; and *State v. DeHart,*

242 Wis. 562, 8 N. W. 2d 360. See also *Duncan v. State*, 278 Ala. 145, 176 So. 2d 840. The single exception we have found to this array of authority is *State v. Cunningham*, Fla. App., 324 So. 2d 173, a decision in which one of the three judges cogently dissented. The defendant in the case had agreed to submit to a polygraph test to prove his innocence on a robbery charge. His incriminating statement came in response to questioning by the examiner upon another unrelated offense and the evidence was offered in trial upon this latter charge.

Logic supports the majority rule. The results of a polygraph examination are excluded because of their unreliability. Voluntary statements by an accused are not so regarded. Their reliability does not depend on the validity of the polygraph test or the operator's skill in conducting the test or interpreting its results. Rather they are generally considered a trustworthy form of evidence (K. S. A. 60-460 [f]). There is some exception. For example, admissions made by a defendant at a pretrial conference are expressly declared inadmissible unless reduced to writing and signed by the defendant and his attorney (K. S. A. 22-3217) and statements made by a defendant in the course of an examination to determine his competency are similarly inadmissible in any criminal proceeding (K. S. A. 22-3302 [3]) but a defendant's oral statements made during a polygraph examination enjoy no such protection. As was said in *Jones v. Commonwealth*, supra,

"The real question in every case as to the admissibility of a confession is whether or not the confession was influenced in a way to create a doubt of its truth. It is for that reason that a confession made through hope or fear, or one obtained by compulsion, must be excluded. In the instant case there are obvious safeguards assuring the validity of the statement by Jones and the reliability of its admission as evidence before the jury. Its reliability does not depend upon the validity of a polygraph test or the expertise of a polygraph operator in reading the results from such a test. The admission here was of an oral statement made by one individual to another individual. The jury tested and weighed the admission as it would any other confession or admission against interest." (p. 249.)

Our holding is, the fact that incriminating statements are made by a defendant during the course of a polygraph examination does not of itself render such statements inadmissible. They are admissible where found to be voluntarily made. Accordingly the order of suppression must be reversed and the cause remanded for further proceedings including a hearing to determine the voluntary nature of the statements under the totality of the cir-

cumstances. Although the trial court skirted this issue at the hearing its exclusionary ruling was clearly based on the theory the statements were part and parcel of the polygraph examination. That the statements were made during the course of a polygraph examination is a factor which may be considered on the issue of voluntariness but, as stated, such fact does not of itself make the statements inadmissible (*People v. McHenry*, supra; *Johnson v. State*, supra).

The order of suppression is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

APPROVED BY THE COURT.

SCHROEDER, J., dissents.