No. 49,797

STATE OF KANSAS, *Appellee,* v. JAMES E. BAKER, *Appellant.*

(580 P.2d 90)

Opinion filed July 15, 1978.

*Robert L. Boyce, Jr.,* of Kansas City, argued the cause and was on the brief for the appellant.

*Philip L. Sieve,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: James E. Baker appeals from a jury conviction on a charge of felony murder (K.S.A. 21-3401). The conviction largely rests on circumstantial evidence. Appellant raises various points of error including insufficiency of the evidence to support the verdict.

The victim, Steve Burdolski, was discovered behind his desk in the Novotney Liquor Store in Kansas City, Kansas. He had been shot in the chest and was dead at the scene. The discovery was made at 9:45 p.m. on February 15, 1977. A short time prior to the discovery of the body, Linda Edwards had parked her car near this liquor store, preparatory to obtaining groceries in a nearby store. Before leaving her car she saw another car drive up and park to her left. The occupants got out of their car. The man on the passenger's side walked past Mrs. Edwards as he headed in the direction of the liquor store. The man was identified by her at the trial as the appellant.

As Mrs. Edwards went into the grocery store she passed the victim, Steve Burdolski, as he was leaving to return to work. Shortly thereafter a third party came into the grocery store and advised those present, including Mrs. Edwards, that Mr. Burdolski had suffered a heart attack while at work in the liquor store. An ambulance was called. Some time later Mrs. Edwards learned that, instead of suffering a heart attack, Mr. Burdolski had been shot. She notified the police as to what she had witnessed.

The murder weapon was not found and no ballistics evidence was introduced at the trial. There was no fingerprint evidence introduced and the appellant made no statement or admission to the police. The evidence pointing to appellant's participation in the crime largely consisted of his identification by Mrs. Edwards, together with the testimony of appellant's former girl friend, Janice Hardenett.

At the preliminary hearing Ms. Hardenett testified she talked with the appellant the day after the man was killed in the liquor store, and the appellant told her he robbed the liquor store and shot the man. She further testified appellant told her he shot the man because the man gave him some static. Janice Hardenett was 16 years old. On cross-examination she retracted her previous testimony. After a brief recess the state rehabilitated its witness and Ms. Hardenett iterated her previous story concerning what the appellant had told her. She testified that she changed her story on cross-examination because she was afraid of the appellant.

The evidence to support the conviction in this case is not strong. However, appellant was identified as being in the vicinity just prior to the murder and this together with the testimony of Ms. Hardenett was sufficient to support the verdict under the rules governing our scope of appellate review. See *State v. Soverns,* 215 Kan. 775, 529 P.2d 181 (1974); and *State v. Duncan,* 221 Kan. 714, 562 P.2d 84 (1977).

The appellant contends the transcript of Ms. Hardenett's testimony at the preliminary hearing should not have been admitted at the trial. The state had issued a subpoena for her to appear at the trial but she did not attend. When she failed to show up on the first day of the trial an investigator in the district attorney's office located her in Houston, Texas. Although she indicated at that time she would come to Kansas City for the trial, later inquiries by the investigator failed to disclose her whereabouts. Before admitting her testimony in the preliminary hearing transcript the court held a hearing in chambers. The investigator was questioned and the court found the state had made a reasonable effort to secure her attendance and she was unavailable. The court found that all requirements of K.S.A. 60-460(c)(2) had been met. Her testimony had been taken at the preliminary hearing. The hearing was against this appellant, appellant's attorney was present at that time, and he fully cross-examined the witness. Janice

Hardenett's testimony at the preliminary hearing was properly admitted at the trial. See *State v. Washington,* 206 Kan. 336, 338, 339, 479 P.2d 833 (1971); and *State v. Alderdice,* 221 Kan. 684, Syl. ¶ 1, 561 P.2d 845 (1977).

The appellant's next point of error concerns the admission of certain testimony by Detective Orr. Over strenuous objection he was permitted to testify as follows:

"A.   Well, after I established I had the right party, which Miss Hardenett was, she stated she was a girl friend of James 'Shorty' Baker, and that she had known him for a couple years and had been a girl friend for several months. She related to me that on the 16th, February 16th of 1977, 'Shorty' Baker had come to her home where she was staying with her grandmother on Perry Square, and that he had told her that he had shot a man in a liquor store in the west end of town, an older man, because the man, when he held him up and asked for the money, had given him some hassle and that he had shot him."

The statements of the appellant Baker made to Ms. Hardenett were admissible under one of the exceptions to the hearsay rule when repeated on the witness stand by Ms. Hardenett. Such hearsay testimony is admissible under the following exception in K.S.A. 60-460, which reads:

"(f)   *Confessions.* In a criminal proceeding as against the accused, a previous statement by the accused relative to the offense charged if, and only if, the judge finds that the accused when making the statement was conscious and was capable of understanding what he or she said and did, . . ."

The testimony of Ms. Hardenett was admissible under this exception to the hearsay rule. It does not follow, however, that Detective Orr should be permitted to reinforce this testimony by repeating the alleged statements of the appellant. He was not present when the statements were made to Ms. Hardenett. The trial court erroneously permitted Detective Orr to testify as to the previous statement of the accused relative to the offense charged under the exception in subsection (*a*) of K.S.A. 60-460 which reads:

"(*a*)   *Previous statements of persons present.* A statement previously made by a person who is present at the hearing and available for cross-examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness;".

The court apparently reasoned that Detective Orr could testify to any statement made by Ms. Hardenett in his presence since her testimony at the preliminary hearing was admissible. The court was in error for two apparent reasons, (1) Ms. Hardenett was not

present at the trial as required by K.S.A. 60-460(*a*), and (2) the statement was that of the accused, not that of Ms. Hardenett. It is true that Ms. Hardenett had iterated the appellant's previous statement to the detective, but when testified to by Detective Orr it was impermissible double hearsay.

This inadmissible testimony of Detective Orr and the testimony of Ms. Hardenett at the preliminary hearing formed the main foundation of the state's case. It was error to admit Detective Orr's double hearsay statements to support the prior testimony of Ms. Hardenett given at the preliminary hearing.

Appellant next asserts misconduct by certain members of the jury during the trial. From an affidavit of a juror it appears one of the jurors discussed the case with her husband and informed the jury during deliberations that her husband said the murder weapon could have been easily disposed of. Another juror overheard a statement at a bowling alley to the effect that the appellant had previously shot and killed another person. This was reported in the jury room. Another juror made an independent view of the scene of the crime and reported to the jury that the parking lot was well-lighted.

This affidavit cannot be located in the record. Such actions by jurors if they occurred have no place in the trial of a lawsuit and may well have resulted in prejudice to the appellant's right to a fair trial.

Appellant's next point concerns a limitation placed upon testimony elicited from one of appellant's alibi witnesses. Prior to trial appellant listed the names of his alibi witnesses as required by K.S.A. 22-3218. At the trial appellant's counsel attempted to elicit testimony from one of these witnesses concerning her knowledge of Ms. Hardenett's reputation for truth and veracity in the community. The state objected to such questions because she was one of the persons "listed as alibi witnesses and that alone." The court sustained the objection. Thereupon the following colloquy occurred:

"MR. BOYCE:   May I ask the Court how I would be able to list a witness if she was qualified to testify to anything else? Would I have to go and list them twice?

"MR. SIEVE:   That's certainly the position of the state, Your Honor.

"THE COURT:   I've ruled, gentlemen. I don't think it's necessary for me to make any further ruling."

We know of no rule of law which disqualifies an alibi witness

from testifying to other matters about which the witness has personal knowledge if the testimony is relevant to issues raised at the trial. No statute or case law is cited which would limit the testimony of an alibi witness to evidence bearing on alibi. The state was advised of the names of these witnesses. It was error to place such a restriction on appellant's alibi witnesses. The credibility of Ms. Hardenett was crucial. The jury was not able to observe her demeanor for she did not testify in person. If her reputation for truth and veracity was bad, appellant should have been allowed to show this by way of impeachment.

Appellant next complains of the court's refusal to allow a witness called by appellant to introduce jail-visitor records showing that Ms. Hardenett had voluntarily visited the appellant in jail subsequent to the preliminary hearing. Ms. Hardenett testified at the preliminary hearing that she was afraid of appellant and had been threatened by him over the phone. That was the reason she gave for changing her story during cross-examination. It would appear that the testimony was relevant for impeachment purposes and was admissible. However, at the time it was offered the appellant had rested his case and a request was made to reopen and introduce this testimony. The trial court refused the request because the name of the witness had not previously been disclosed as required by the pretrial order. Since the conviction must be reversed and a new trial granted because of the cumulative effect of other errors, we need not decide whether this amounted to an abuse of discretion by the trial court. On retrial the name of the witness, no doubt, will have been disclosed prior to trial.

Other points raised by appellant which will arise on a new trial and which we find to be without merit include the following:

(1)   The refusal of the state to give the appellant a lie detector test, see *State v. Blosser,* 221 Kan. 59, 558 P.2d 105 (1976); *State v. Roach,* 223 Kan. 732, 576 P.2d 1082 (1978); and *State v. McCarty,* 224 Kan. 179, 578 P.2d 274 (1978);

(2)   The refusal of the trial court to instruct the jury on second degree murder as a lesser offense of felony murder, see *State v. Branch and Bussey,* 223 Kan. 381, 573 P.2d 1041 (1978), and cases cited therein at p. 384;

(3)   The admission of testimony by Detective Orr concerning trips to the Missouri penitentiary to talk with an inmate;

(4)   The admission of testimony by Detective Orr as to the misidentification of Jeffrey Barge by Mrs. Edwards; and

(5)   The reference of the prosecutor in his final argument to a "fresh" scar on appellant's forehead.

The appellant's conviction is reversed and the case is remanded for a new trial because of the cumulative effect of trial errors which denied the appellant a fair trial.