GRIMES, Judge.
Appellant was charged with sexual battery of his four year old child. The jury found him guilty of attempted sexual battery.
Appellant raises six points on appeal. Two of them are without merit and will not be discussed. The third involves sentencing, but in view of our disposition of the case we need not reach it. We will address the other three points.
Appellant first contends that the information filed against him was defective. The original information charged him with sexual battery upon a child older than eleven years of age but less than eighteen years of age through the exercise of familial authority as a means of coercion. The state filed an amended information on the morning of the trial charging appellant with sexual battery upon a child less than eighteen years of age through the exercise of familial authority as a means of coercion. Appellant moved to dismiss on the premise that the amended information failed to charge an offense against him. The court denied the motion, and the case proceeded to trial.
The portions of the sexual battery statute pertinent to our consideration are as follows:
794.011 Sexual battery.—

(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(4) A person who commits sexual battery upon a person over the age of 11 years, without that person’s consent, under any of the following circumstances shall be guilty of a felony of the first degree, punishable as provided in s. 775.-082, s. 775.083, or s. 775.084:

(e) When the victim is older than 11 but less than 18 years of age and the offender is in a position of familial, custodial, or official authority over the victim and uses this authority to coerce the victim to submit.
The only sexual battery statute applicable to an offense against a four year old victim is section 794.011(2), Florida Statutes (1983). Therefore, when the state realized that the child was four years old, its only choice was to charge the appellant under that section. However, the amended information failed to specify that the child was a person eleven years of age or younger and it retained the allegations of familial authority. Proof of familial authority is unnecessary for a conviction under section 794.011(2) and could be ignored as surplus-age, but proof that the child is less than eleven years old is clearly an essential element of the charge. Hence, the state did not properly charge an offense under either section.
Secondly, appellant challenges the adequacy of a Richardson hearing. Immediately before the trial the state filed a motion in limine seeking to prohibit appellant from calling two witnesses whose names had been included in the state’s witness list but who had not been listed in the appellant’s response to the state’s demand for discovery. Defense counsel stated that he did not include the names of prospective witnesses on his witness list when they had already been listed by the state, and that he had never encountered problems on this subject before. Florida Rule of Criminal Procedure 3.220(a)(l)(i) requires the prosecutor upon demand to furnish the names *574 and addresses of all persons having relevant information. On the other hand, Flor-ida Rule of Criminal Procedure 3.220(b)(3) requires that within seven days after receipt of the prosecutor’s witness list, defense counsel shall furnish the prosecution with a list of persons whom defense counsel expects to call as witnesses at the trial. Therefore, regardless of his view of the prevailing practice, defense counsel was in violation of the rule for failing to furnish the prosecutor with the names of all prospective witnesses.
Where a party to a criminal case wishes to call a witness not included on the witness list, the court may exercise its discretion in permitting the witness to testify. Richardson v. State, 246 So.2d 771 (Fla.1971). However, in Richardson our supreme court quoted from Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970), as follows:
[T]he court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
246 So.2d at 775. The claim that one is surprised when an unlisted witness is called to testify, by itself, is inadequate to constitute prejudice. Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982), petition for review denied, 430 So.2d 452 (Fla.1983). Relevant evidence should not be excluded unless no other remedy suffices. Cooper v. State, 336 So.2d 1133 (Fla.1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977).
On the question of prejudice, defense counsel pointed out that the witnesses were persons connected with the child protection program whose testimony was well known to the prosecution. The prosecutor argued that had he known these witnesses were going to testify, the state would have sought to have an out-of-state witness present for rebuttal. Defense counsel disputed the state’s suggestion that the out-of-state witness could contradict what his witnesses were expected to say. The court agreed with the state’s position and refused to permit the witnesses to testify. Thereafter, defense counsel sought to proffer what his two witnesses would say and to require the state to proffer the testimony which the out-of-state witness would present in rebuttal. The court declined to permit the proffer on the premise that it was unnecessary because the court had already accepted the state’s contention that it was prejudicially harmed by the discovery violation. It was here that the court erred.
If the out-of-state witness relied upon by the state could have rebutted the testimony of the two witnesses which appellant sought to introduce, the state would have had a basis for claiming that it was prejudiced by the lack of notice. However, appellant contended that the state’s witnesses had no knowledge concerning the testimony of his two witnesses. In order to demonstrate his position, the appellant should have been offered the opportunity to proffer the testimony of his witnesses. The state could then have attempted to point out how its witness could have rebutted such testimony. At this point the court would have had all the information necessary upon which to decide whether or not prejudice actually existed. By refusing to permit the proffer, the court did not make the “adequate inquiry into all of the surrounding circumstances” required by Richardson.
Since this case will have to be retried, we shall discuss a third point which is likely to reoccur in the second trial. The child’s mother and her two aunts were the only witnesses who testified for the state. The mother did not report the alleged sexual battery until nearly two months after the incident was said to have occurred. Earlier she had denied knowledge of any such sex *575 ual battery. On cross-examination, appellant’s trial counsel explored her prior inconsistent position. On redirect the prosecutor asked:
Q. Where were you on June 28th when you told Fran Martin that you did in fact know about the sexual battery?
A. I was at Colonel Stanley’s office in Winter Haven.
Q. And what does Colonel Stanley do?
A. He’s a lie detector.
Q. Had you told Fran Martin — agreed earlier back on June the 2nd that you would take a lie detector examination?
A. Yes, sir, I did.
Appellant’s counsel objected that the questions improperly referred to a polygraph examination. During the course of the argument it became apparent that the mother had not actually taken a polygraph test. The prosecutor stated that he intended to ask her if she made the admissions concerning the sexual battery as she was preparing to take a polygraph test in order to stress the reason why she made the statement. The court overruled the objection, and the following question and answer were then given:
Q. On June 28th at the polygraph examiner’s office, did you make these statements, admit to Fran Martin, tell her that you did in fact know about the sexual battery prior to being hooked up, if you will, to a polygraph machine?
A. Yes, sir.
On appeal, appellant points out that neither the results of a polygraph test no allegations of any such examination to infer a certain result are admissible. Kaminski v. State, 63 So.2d 339 (Fla.1953). However, a statement is not improper simply because it is given prior to a polygraph examination. See People v. McHenry, 204 Cal.App.2d 764, 22 Cal.Rptr. 621 (Cal.Dist.Ct.App.1962). In this case, the record reflects that the witness never actually submitted to a test. The state was merely attempting to emphasize the circumstances under which the witness made her statement. It was entitled to show that because the witness’ statement was made in anticipation of taking the test, that explanation was more likely to be the truthful version. At the new trial, the fact that no test ever occurred can be brought out so as to negate any inference that the witness took and passed a polygraph examination. See Crawford v. State, 321 So.2d 559 (Fla. 4th DCA 1975), affirmed, State v. Crawford, 339 So.2d 214 (Fla.1976).
In view of the defect in the information and the inadequate Richardson inquiry, we reverse the judgment and remand the case for further proceedings.
RYDER, C.J. and OTT, J., concur.