547 So.2d 657 (1989)
Harry Edward STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02472.
District Court of Appeal of Florida, Second District.
May 26, 1989.
Rehearing Denied August 17, 1989.
Richard Sanders and Robert W. Pope of Pope & Henninger, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
The defendant raises eight issues on appeal from his conviction for sexual battery on a child less than twelve years of age. We affirm the conviction, and while we reject each of the defendant's points on appeal, we address three of the issues he raises.
Mr. Stone was charged by indictment with one count of capital sexual battery. The indictment specifically alleged that he had placed either his penis or his mouth upon the vagina of the victim. This incident occurred sometime between November of 1984 and November of 1985. At the time of the incident, the six-year-old victim's parents were divorced. She lived with her mother, but would occasionally spend the night at her father's home. The incident occurred while Mr. Stone was baby-sitting the victim at the father's home. Mr. Stone was the nineteen-year-old brother of the father's girlfriend.
*658 The victim testified at trial. She was eight years old at the time of trial. She testified that the defendant "got on top of" her when she was in bed, and that this act hurt her "private." She could not define the word "private." She was uncertain whether her private was below her waist and did not remember who had taught her the word. The victim's mother, however, testified that she had taught the word to the child to describe her "genital area."
The young child also repeatedly testified that the defendant had "licked" her private. This occurred at night. She said the defendant placed a washcloth on her private before he licked it.
The first person to whom the victim revealed this incident was a girlfriend. The friend was eleven years old at the time of trial. This friend testified that she was staying at the victim's home one night when the victim told her that Mr. Stone had previously taken off her clothes and his clothes, and that he had gotten on top of her and placed his mouth on her private parts. The friend encouraged the victim to tell her mother.
The mother testified that her daughter and the friend had approached her late that evening. Her daughter told her about the incident. Her daughter also told her that the defendant had put his "private between her legs," and that she had gotten wet between her legs.
Mr. Stone testified at trial. He admitted that he had baby-sat for the victim on approximately three occasions. He denied, however, that he had ever engaged in any form of sexual conduct with her, and denied that he had ever used a washcloth on her for any purpose.
First, the defendant argues that he was entitled to a judgment of acquittal because the evidence did not establish a sexual battery. In order to establish a sexual battery, the state is not required to prove a rape or penetration. "Sexual battery" includes "oral ... union with the sexual organ of another...." § 794.011(1)(h), Fla. Stat. (1985). In this case, union merely requires contact between the defendant's mouth and the sexual organ of the victim. See Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984). It was the intent of the legislature through chapter 794, Florida Statutes (1985), to protect persons from "intentional, non-consensual intrusion into [their] sexual privacy." Surace v. State, 378 So.2d 895, 899 (Fla. 3d DCA) (Schwartz, J., specially concurring), cert. denied, 389 So.2d 1115 (Fla. 1980); Grunzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986).
We are concerned by the fact that the victim could not precisely define the area of her body which she understood to be her private. Her shyness and embarrassment on the witness stand were completely natural, but they are not a substitute for direct evidence. We find, however, that the jury could reasonably infer from the evidence that the defendant made contact between his mouth and the sexual organ of the victim.
We are not allowed to retry a case or reweigh the conflicting evidence submitted to the jury. We must limit our concern to whether, after all conflicts in the evidence and all reasonable inferences derived therefrom have been resolved in favor of the verdict, there is substantial, competent evidence to support the verdict and judgment. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
Bradford v. State, 460 So.2d 926, 930 (Fla. 2d DCA 1984), review denied, 467 So.2d 999 (Fla. 1985).
In light of the imprecision in the young victim's testimony, it is possible that the evidence establishing union is partially circumstantial and hinges upon the evidence concerning the wash cloth and the mother's definition. Even if this is the case, it was the function of the jury and not this appellate court to determine whether the evidence was inconsistent with any reasonable hypothesis of innocence. Heiney v. State, 447 So.2d 210 (Fla. 1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984). See Toole v. State, 472 So.2d 1174 (Fla. 1985); Tsavaris v. State, 414 So.2d 1087 (Fla. 2d DCA 1982), review denied, *659 424 So.2d 763 (1983). See also Nickels v. State, 90 Fla. 659, 106 So. 479 (1925). Although the weight of the evidence in this case could be far greater, we do not believe it is incumbent upon parents to teach their toddlers the sexual vocabulary of Gray's Anatomy in order to protect them from the lifelong psychological damage of sexual battery.
Second, the defendant argues that the trial court erred in admitting the testimony of a detective without first holding a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971). We find that an adequate Richardson hearing occurred and that the trial court did not err in admitting the limited testimony.
The detective worked for the Pinellas Park Police Department and specialized in crimes against children. He had not investigated the case against Mr. Stone. He had, however, investigated a separate case in which the victim's friend was also a witness. During cross-examination of the friend, defense counsel suggested that she was confusing the two cases. The state called the detective in its main case to refute this argument. The detective testified that the cases were factually different. The state had not listed the detective on its witness list. The defense, however, had listed the detective on its witness list.
When the state first attempted to call the detective, defense counsel objected. The trial court recognized the potential problem and, thus, conducted a hearing outside the presence of the jury. As a result of the hearing, the trial court authorized defense counsel to depose the detective during the lunch break. Following the lunch break, the trial court required the state to proffer the detective's testimony before presenting it to the jury.
The state has an obligation to disclose a rebuttal witness to the defendant if the witness's testimony is reasonably anticipated. Lucas v. State, 376 So.2d 1149 (Fla. 1979). This is true even though the witness is also listed by the defendant. See Keen v. State, 456 So.2d 571 (Fla. 2d DCA 1984). The failure to disclose such a witness, however, does not automatically require the exclusion of the witness's testimony. Instead, a Richardson hearing is required. Lucas, 376 So.2d at 1151. While the trial court never expressly found the failure to list the rebuttal witness to be a violation of Florida Rule of Criminal Procedure 3.220, in "an overabundance of caution," it assumed such a violation and conducted a Richardson hearing.
A Richardson hearing requires "an adequate inquiry into all the surrounding circumstances." Richardson, 246 So.2d at 775. The trial court should consider at least:
(1) Whether the state's violation was inadvertent or willful;
(2) Whether the violation was trivial or substantial; and
(3) What effect, if any, the violation had upon the ability of the defendant to properly prepare for trial.
Richardson, 246 So.2d at 775.
While we find that the trial court made an adequate inquiry, it would have been helpful if the trial court had expressly made findings on the record concerning the Richardson issues. The transcript of the hearing indicates that the state's violation was inadvertent. The trial court regarded the violation as insubstantial because of the limited scope of the testimony. The defendant did not suggest that this testimony had any significant effect upon his ability to properly prepare for trial when he was fully aware of the witness and was given the opportunity to depose the witness. See Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982); Loren v. State, 518 So.2d 342 (Fla. 1st DCA 1987).
Although we recognize that the failure to conduct a sufficient Richardson hearing is per se reversible, we are satisfied from a review of the record as a whole that:
[T]he trial court made an adequate inquiry into the surrounding facts and circumstances of the alleged discovery violations to support its conclusions and satisfy the requirements of Richardson and its progeny.
*660 State v. Hall, 509 So.2d 1093, 1097 (Fla. 1987).
Finally, Mr. Stone argues that the trial court erred in admitting the hearsay statements of the victim to her mother and to her friend without making the specific findings of fact required by section 90.803(23), Florida Statutes (1987). This hearsay exception for certain statements of child victims in sexual offense cases requires the trial court to conduct a hearing outside the presence of the jury to determine whether the "time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a)(1), Fla. Stat. (1987). The rule also requires the trial court to make specific findings of fact on the record as to the basis for its ruling. § 90.803(23)(c), Fla. Stat. (1987); Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986).
In this case, the trial court conducted the hearing outside the presence of the jury. The trial court heard the proffered testimony of both witnesses. In ruling the testimony admissible, the trial court stated its observations concerning the reliability of the testimony. Although the trial court did not make specific findings of fact as to each factor which the statute provides the trial court "may consider," we believe the findings are sufficient to provide a basis for the ruling. See Glendening v. State, 503 So.2d 335 (Fla. 2d DCA 1987), aff'd, 536 So.2d 212 (Fla. 1988). Of equal importance, defense counsel did not object to the sufficiency of the trial court's findings. Except in cases of fundamental error, this court will not consider an issue unless it was specifically raised as the legal basis for the objection in the trial court. Washington v. State, 510 So.2d 355 (Fla. 2d DCA 1987). This is not an issue involving fundamental error. Ashford v. State, 274 So.2d 517 (Fla. 1973).
Affirmed.
SCHEB, A.C.J., and DANAHY, J., concur.