616 So.2d 1044 (1993)
Harry W. SEIFERT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00984.
District Court of Appeal of Florida, Second District.
March 17, 1993.
Rehearing Denied April 28, 1993.
*1045 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Acting Chief Judge.
Harry W. Seifert appeals from the judgment of guilt and the sentence imposed upon him for capital sexual battery and lewd assault upon a minor. He challenges, inter alia, the introduction of the child victim's prior consistent statements claiming they were inadmissible because the victim testified at trial. On this point we affirm without comment. We also affirm, without discussion, the trial court's disposition of Seifert's attack upon the collateral crime evidence. The only contention Seifert asserts warranting extensive response stems from the receipt of hearsay testimony which he contends did not meet the requirements of section 90.803(23), Florida Statutes (1989). Thus, he specifically challenges testimony tendered through three witnesses  the victim's cousin, Nicholas; the case worker, Bonny Scheuerman; and the videotape of the victim when interviewed by the child protection worker, Joanne Pachiva. We observe in passing that the trial court does appear to have been uncertain about the adequacy of the inquiry it was required to conduct under the statute. Seifert, however, failed to lodge objections to the sufficiency of the ultimate findings reached by the trial court. In any case, we have concluded that a deficiency in the trial court's hearsay reliability determinations was harmless error.
Before statements attributed to a child are sanctioned as evidence under the statutory hearsay exception, section 90.803(23) requires the trial court to conduct a hearing outside the presence of the jury to determine whether the "time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a)(1), Fla. Stat. (1989). The trial court is required to make specific findings of fact, on the record, to explain its ruling on the admissibility of the hearsay. Here, as we describe below, the trial court's findings of fact were in some instances insufficient and its related comments tend to disclose some degree of confusion in fulfilling the statutory reliability elements.
In a proffer, Nicholas, the victim's minor cousin, testified that the victim told him that something bad had happened to her, that he told her to tell her mom, and that he saw her tell her mom. The trial court stated that in light of the prior testimony, and Nicholas's proffer, the child hearsay satisfied the "time frame" requirement under the statute and thus the hearsay testimony was admitted.
The trial court's reaction to Scheuerman's proffer discloses an erroneous perception of the standard to be used in testing the admissibility of the hearsay. Ms. Scheuerman testified that the victim told her that while she was in the first grade and Seifert was her baby-sitter, he came to the bedroom in his underwear and lay on top of her. His private parts did not touch hers. Five or six days later, when he was baby-sitting, he came from his bedroom naked, lay on top of her on the couch, and put his private parts inside her. She told him to get off, and he did. He did not say anything on either occasion. He never touched her body with his hands or kissed other parts of her body. She told her cousin, Nicholas, about these incidents. He told her to tell her mother, and she did. After hearing Seifert's objection that Scheuerman's testimony was inconsistent *1046 with that offered by the victim, the trial court stated:
... I don't see anything in what she's explained to me that would indicate to me that this is not what the victim, or the little girl in this case, had said. And that's what we're to look to, the reliability as to the relation, or the telling of exactly what the statement was. And I don't know that the truth of what the girl said is in issue, but that this witness is repeating reliably what the girl related to her, and in that respect, this Court finds that the statute has been satisfied, and makes those findings. So I'm going to allow her to testify.
The court was mistaken. The inquiry is not whether the testifying witness is accurately repeating the hearsay, but rather whether the hearsay tainted declaration was endowed with sufficient indicia of reliability at the time it was made to render it admissible within the statutory scheme. The hearsay relayed through Ms. Scheuerman was inconsistent with the victim's testimony and with other interviews. The victim interview occurred as much as one and one-half years after the incidents occurred. We are bewildered by Seifert's contention that the introduction of the hearsay, a prior inconsistent statement expressed by the victim, could have prejudiced him. Nonetheless, its introduction over a sufficient objection might have been improper.
Finally, Seifert objects to the introduction of a videotaped interview. The trial court heard a proffer, through the child protection worker, Pachiva, stating that which the videotaped interview would reveal. The proffer was not particularly detailed and the trial court did not review the videotape. It found, however, that the proffer satisfied the inquiry and allowed its introduction. The videotape was essentially consistent with the victim's trial testimony. Again, the presence of the child's hearsay might be improper unless it were found sufficiently reliable, but the preservation of such contention for "purposes" of claimed error requires an objection. Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989).
Although Seifert lodged objections to the hearsay statements, his objections went only to the nature of the evidence rather than its sufficiency in each of the instances he now challenges. In Stone, this court determined that a trial court's insufficient findings under section 90.803(23) will not equate with fundamental error. A defendant must object to the sufficiency of the trial court's findings in order to save the issue for review. Were this court to determine that Seifert's objections were marginally adequate, it would nonetheless be appropriate to affirm his conviction under a harmless error analysis. See Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986). Our review of the record in its entirety convinces us beyond a reasonable doubt that the trial court's errors, if any, did not affect the verdict. See Traylor v. State, 596 So.2d 957 (Fla. 1992).
Moreover, excision of the three witness's testimony challenged by Seifert leaves a residue of adequate evidence upon which to affirm his conviction. The child testified explicitly regarding two incidents and, although her timing was difficult to reconcile when measured by her parents' recollection of when the events occurred, such confusion was explained by the child's tender years and a young child's difficulty with the concept of time. The child's uncertainty about whether she and Seifert had their clothes on or off was a question of credibility for the jury. The medical testimony was unequivocal and indicated hymenal damage. Seifert's explanation of the events in his police interviews was before the jury for its evaluation. Finally, another young child testified about another incident involving Seifert which occurred in a similar setting  Seifert ingratiated himself with a single mother of young children, living in the same apartment complex, baby-sat for the children, and while baby-sitting, he played the same Madonna video he played while baby-sitting the child victim.
In sum, the ability now to dispute the sufficiency of the trial court's findings was not preserved and the trial court's shortcoming in according full obedience to section *1047 90.803(23) was harmless beyond a reasonable doubt.
Affirmed.
THREADGILL and BLUE, JJ. concur.