GARDINER, ANA I., Associate Judge.
Appellant, Isaac Haynes, appeals his conviction and sentence for Trafficking in Cocaine and Conspiracy to Traffic in Cocaine. Appellant argues that the trial court erred in denying his motion for judgment of acquittal in that there was insufficient evidence presented to support the conviction for the crime of Conspiracy to Traffic in Cocaine.
The crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. To meet its burden, the State must prove an agreement and an intention to commit an offense. See Herrera v. State, 532 So.2d 54, 58 (Fla. 3d DCA 1988). The State presented circumstantial evidence of Appellant’s agreement to traffic in cocaine including the following: Appellant handed his codefendant, Miller, a bag containing money, he accompanied Miller to the undercover vehicle; Appellant went into the undercover vehicle and while there received packages of cocaine, he tested and approved of the cocaine; he exited the undercover vehicle and walked away carrying two kilos of cocaine.
In considering a motion for judgment of acquittal in circumstantial evidence cases, the State must not only present competent evidence to prove the elements of the crime, but the evidence must be sufficient for the jury to exclude every reasonable hypothesis except that of guilt. See State v. Law, 559 So.2d 187, 188 (Fla.1989); Bauer v. State, 609 So.2d 608, 610 (Fla. 4th DCA 1992). A review of the record shows that there is competent and substantial evidence to support the jury’s verdict. See Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989).
As to the sentencing issue raised by the Appellant, the State concedes, and we agree, that Appellant falls within the applicable window period for challenging the 1995 sentencing guidelines on single subject rule grounds. See Heggs v. State, 759 So.2d 620 (Fla.2000).
Accordingly, we affirm Appellant’s conviction but remand to the trial court for consideration of whether resentencing is *1137 required pursuant to Heggs. See Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000).
POLEN and SHAHOOD, JJ„ concur.