LAMBERT, J.
Rosemarie Dina Panchoo (“Panchoo”) appeals her conviction of aggravated child abuse following a jury trial. Panchoo raises five-issues on appeal. We affirm, but write briefly to address Panchoo’s claim that the trial court erred in denying her motion for mistrial based upon an improp *564 er argument made by the prosecutor in closing argument.
The minor victim in this case suffered numerous significant injuries at the hands of Panchoo, including a fracture to her right elbow and a large subdural hemorrhage on the left side of her brain, which required emergency surgical intervention to reduce the swelling and resulted in the victim remaining in a coma for three days. During closing argument, the prosecutor explained to the jury each- element of the crime that he believed he had readily established. The prosecutor then stated: “Think , how bad a broken elbow would hurt by itself. Imagine getting bashed in the head like this. Bashed on the back of the head.... I submit to you that’s torture.” Defense counsel timely objected, asserting that this argument violated the .“Golden Rule.” The court overruled the objection and, thereafter, denied counsel’s motion for mistrial.
“In general, a ‘[G]olden [R]ule’ argument encompasses requests that the jurors place themselves in the victim’s position, that they imagine the victim’s pain and terror, or that they imagine that their relative was the victim.” Pagan v. State, 830 So.2d 792, 812 (Fla.2002) (quoting Williams v. State, 689 So.2d 393, 399 (Fla. 3d DCA 1997)). “‘Golden [Rjule’ arguments are improper because they depend upon inflaming the passions of the jury and inducing fear and self[-]interest.” Boeher v. Glass, 874 So.2d 701, 703 (Fla. 1st DCA 2004) (citing Tremblay v. Santa Rosa Cty., 688 So.2d 985, 987 (Fla. 1st DGA 1997)). Golden Rule arguments by prosecutors in criminal cases have long been condemned by courts in Florida. See Adams v. State, 192 So.2d 762 (Fla.1966); Stewart v. State, 51 So.2d 494 (Fla.1951); Lucas v. State, 335 So.2d 566, 567 (Fla. 1st DCA 1976).
Where, a defendant objects to allegedly improper comments, and the objection is overruled, our standard of review is abuse of discretion. Brinson v. State, 153 So.3d 972, 975 (Fla. 5th DCA 2015) (citing McArthur v. State, 801 So.2d 1037, 1040 (Fla. 5th DCA 2001)). “The standard of review is also abuse of discretion where [the defendant] moved for a mistrial and [the] motion was denied.” Id. (citing Salazar v. State, 991 So.2d 364, 371-72 (Fla.2008)).
Here, the trial court erred in overruling defense counsel’s objection. Nevertheless, prosecutorial error does not automatically warrant a mistrial. Rhodes v. State, 547 So.2d 1201, 1206 (Fla.1989) (citing State v. Murray, 443 So.2d 955 (Fla.1984)), A trial court retains broad discretion in ruling on a motion for mistrial, and. “in order to conclude that an abuse of discretion occurred, the prosecutor’s statements must have been so prejudicial as to vitiate the entire trial.” Robards v. State, 112 So.3d 1256, 1270 (Fla.2013) (citing Ford v. State, 802 So.2d 1121, 1129 (Fla.2001)). Panchoo essentially - argues that the trial court abused its broad discretion in denying her motion for mistrial because the prosecutor’s error in making the Golden Rule argument was “so fundar mental as to defy easy description.” We disagree. Cur examination of the entire record indicates that this comment was isolated and thus harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1137 (Fla.1986).
Though we are affirming the conviction and- sentence, we remain troubled by the number of cases that continue to come before this court involving improper argument by prosecutors. See, e.g., Ramroop v. State, 174 So.3d 584 (Fla. 5th DCA 2015); Brinson v. State, 153 So.3d at 972; Crew v. State, 146 So.3d 101 (Fla. 5th DCA 2014). Nor is this a recent phenomena. *565 See, e.g., Servis v. State, 855 So.2d 1190 (Fla. 5th DCA 2003); Freeman v. State, 717 So.2d 105 (Fla. 5th DCA 1998). We again remind attorneys presenting closing argument in Florida courts, whether in criminal or civil trials, that they are governed by rule 4-3.4 of the Rules Regulating the Florida Bar, which states:
A lawyer must not ... in trial, ... allude to any matter that the lawyer does not reasonably believe is relevant or that will'not be supported by admissible evidence, assert personal knowledge or facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the culpability of a civil litigant, or the guilt" or innocence of an accused.
R. Regulating Fla. Bar 4-3.4(e). This ethical rule “is in place to help insure that juries render verdicts based on record evidence and applicable law, not based on impermissible matters interjected by counsel during closing argument.” City of Orlando v. Pineiro, 66 So.3d 1064, 1069 (Fla. 5th DCA 2011).
In the present case, the prosecutor needlessly jeopardized a conviction with this improper argument. Long ago, Justice Terrell, writing for the court in Stewart, eloquently observed:
[We] are committed to' the principle of fair and impartial trial, regardless of the offense one is charged with. So it is immaterial what one is charged with, he is entitled to a fair and orderly trial in an environment reflecting the constitutional guarantees which constitute fair trial. Under our system of jurisprudence, prosecuting officers are clothed with quasi judicial powers and it is consonant with the oath they take to conduct a fair and impartial trial. The trial of one - charged with crime is the last place to parade prejudicial emotions or exhibit punitive or vindictive exhibitions of temperament. It imposes an added burden on the taxpayer? for court expenses and clutters the docket of this court with unnecessary appeals.
51 So.2d at 494-95, Prosecutors would do well to heed Justice Terrell’s admonition when making closing argument to avoid future reversals on appeal and/or referrals to The Florida Bar by this court.
AFFIRMED.
PALMER and EDWARDS, JJ„ concur.