Forst, J,
Appellant William Dabbs appeals his convictions for first-degree murder, fleeing or attempting to elude law enforcement, and aggravated assault with a firearm of a law enforcement officer. We affirm three of Appellant’s arguments without comment.[1] However, we find merit in Appellant’s argument related to discovery violations at the beginning of the trial and hold that the trial court réversibly erred by not' granting a mistrial. We therefore reverse' for a new trial.
Background
■ Appellant was charged- with killing his co-worker, and for crimes ■stemming from his flight from the scene. Appellant did not dispute that he killed the victim, and in-' stead relied on a claim of self-defense. Part of - this theory of defense was that the firearm used to kill the victim was brought to the scene by the victim himself, which Appellant wrestled from the-victim after the latter had aimed it toward Appellant. In his -opening statement, Appellant’s at-' torriey implied that this gun was one of two or three guns known to be owned by the victim.
The' morning after opening statements and the first two witnesses’ testimony, Appellant brought to the court’s attention a possible discovery violation on the part of the State. Apparently, the State had been surprised by Appellant’s theory that the gun was one of the victim’s known guns and had, overnight, acquired various documents and secured a witness which would, together, establish the current location of all of victim’s known guns. This evidence was intended to conclusively show that the gun used in the crime—-which had been recovered by law enforcement—could not be one of the victim’s own.
Appellant argued that he was procedurally prejudiced by this new evidence because, had he known of it, he would have made a different opening Statement with a different theory of defense. The trial court held a Richardson[2] hearing and determined that there was a discovery violation, but that the violation was not willful and that the violation was trivial. The court also1 indicated it l’ecognized that Appellant was procedurally prejudiced, and Appellant argued that the remedy should be a mistrial. However, after a brief recess, the court changed its mind and determined that there was no procedural prejudice based on the Second District’s holding in Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989). As such, the documents were admitted into evidence and the witness was allowed to testify.
The jury convicted Appellant of all counts against him, and he appealed.
Analysis
Whether a Richardson hearing is properly conducted is reviewed de novo, but the rulings on each of the required prongs are reviewed for an abuse of' discretion. Goldsmith v. State, 182 So.3d 824, 827 (Fla. 4th DCA 2016).
When a possible discovery violation is raised to the trial court, “the court must conduct a Richardson hearing to inquire about the circumstances surrounding the state’s violation of the discovery rules and examine the possible prejudice to the defendant.” Jones v. State, 32 So.3d 706, 710 *361 (Fla. 4th DCA 2010). Part of this analysis requires determining, whether .a violation “had a prejudicial effect on the opposing party’s trial preparation.”, Id. (quoting McDuffie v. State, 970 So.2d 312, 321 (Fla. 2007)). Prejudice exists “if there is a reasonable probability that the, defendant’s trial preparation or strategy would have been materially different had the violation not occurred.” Cox v. State, 819 So.2d 705, 712 (Fla. 2002) (quoting Pomeranz v. State, 703 So.2d 465, 468 (Fla. 1997)). This Court has recognized that new discovery which requires a defendant to “back step” statements already made is prejudicial. Brown v. State, 640 So.2d 106, 108 (Fla. 4th DCA 1994).
Here, Appellant argued in his opening statement that the evidence would be consistent with a conclusion that the gun Appellant used to kill the victim was the victim’s own weapon, which he (the victim) had brought to the scene. At the time of opening statements, none of the State’s proffered evidence would have conclusively disproved this theory. The closest would have been testimony from the victim’s wife that the recovered gun was not like the ones owned by her husband, but the wife had previously described herself as “not a gun person” and was apparently unable to identify her husband’s weapons beyond the most superficial characteristics of general size and color. Appellant’s plan appears from his statements at the Richardson hearing to- have been to impeach the wife on this issue. Furthermore, although it is possible that Appellant and his counsel may have been aware that the weapon was not the victim’s, the argument that the evidence would be consistent with that possibility was a proper argument holding the State to its burden- of proof. See E.L.F. v. State, 33 So.3d 760, 763 (Fla. 4th DCA 2010).
The documents and additional witness, however, removed any possibility that the jury could reasonably conclude that the gun used was one of. the victim’s known guns. Had Appellant known that the State was planning on using this evidence and witness, there is a “reasonable probability” that Appellant’s strategy for opening statement would have been different.
The trial court’s reliance on Stone in concluding that there was no procedural prejudice is misplaced. Stone stands primarily as an example of when á Richardson hearing is adequately, although not perfectly, conducted. Importantly, the defendant in Stone “did not suggest that [the undisclosed evidence] had any significant effect upon his ability to properly prepare for trial.” Stone, 547 So.2d at 659, Here, in contrast, .that is exactly what Appellant argued below and argues on appeal.
We therefore hold that the trial court erred .in determining that Appellant was not procedurally prejudiced by the State’s failure to disclose certain evidence. The appropriate action below would have been to declare a mistrial and conduct a new trial with a jury that had not been, exposed to Appellant’s now-eviscerated theory of defense. Accordingly, we reverse and remand for a new trial.
Conclusion
Appellant’s theory of the case was forced to change shortly after it had been presented to the jury .because of new evidence brought forward by the State after opening statements. Because there is a reasonable probability that his theory would have been different had he known of the evidence from the start, we reverse and remand for a new trial.

Reversed and remanded.

Warner and Levine, JJ., concur.

. These arguments were related to possible hearsay regarding a stolen license plate, allegedly improper comments by the prosecution during closing argument, and the sufficiency of the evidence on the element of premeditation.

. Richardson v. State, 246 So.2d 771 (Fla. 1971).