Per Curiam.
Tamarick Cruz appeals a trial court order that denied all eleven grounds of his motion for post-conviction relief, ten summarily and one after evidentiary hearing. In his initial brief, he limits his challenges to the denial of four grounds. We affirm in part and reverse and remand in part -for an evidentiary hearing on two grounds.
Appellant was tried, along with a co-defendant,'and convicted of two counts of armed robbery with a firearm. He was sentenced to life in prison as a prison releasee reoffender on each count, to run concurrently.
At trial, the prosecution presented evidence that appellant and his co-defendant robbed a cell phone store, armed with a firearm. They removed cash from the register and took property from employees. Police found cash on appellant and his cell phone in the getaway car. Appellant’s defense was misidentification.
Appellant testified at trial that the currency found on him after his arrest was tip money earned at a car wash. He also testified that he had detailed the car in which his cell phone was found and had placed his cell phone in it to charge. On direct appeal, he argued trial court error in failing to conduct a Richardson[1] hearing after the prosecution presented at trial a non-disclosed witness who undermined his *574 defense. The witness was Kendall Murray, owner and/or bookkeeper at the car wash. She testified she had never met appellant and that he did not work there.
This Court affirmed in Cruz v. State, 90 So.3d 893 (Fla. 4th DCA 2012), with a citation to Guzman v. State, 42 So.3d 941 (Fla. 4th DCA 2010). In Guzman, this Court held that a discovery violation had not been preserved for review when it occurred during the State’s direct examination of a witness and the defendant completed cross-examination before objecting.
In ground seven of his motion for post-conviction relief, appellant claims ineffective assistance of trial counsel for failure to timely make the Richardson objection. The record demonstrates that defense counsel did not object to the Richardson violation until after completing cross-examination of Murray. The trial court did not conduct a proper Richardson hearing and did not make findings on the three prongs of Richardson requiring determination of: (1) whether the discovery violation was inadvertent or willful; (2) whether it was trivial or substantial; and (3) whether noncompliance with the discovery requirements prejudiced the defense’s ability to prepare for trial. Thomas v. State, 63 So.3d 55, 59 (Fla. 4th DCA 2011) (citing State v. Evans, 770 So.2d 1174, 1182 (Fla. 2000)).
Consequently, Murray’s testimony, left unchallenged due to the discovery violation, contradicted defense counsel’s opening statement and appellant’s own testimony about the money found on him. The discovery violation also hampered defense counsel’s ability to investigate and test Murray’s memory of employees and the accuracy of her trial testimony. Appellant alleged a deficiency of defense counsel which prejudiced his defense, such that the claim was legally sufficient. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court erred in summarily denying ground seven.
In ground five, appellant claims counsel rendered ineffective assistance for failing to file a notice of alibi defense and call alibi witness Chauncy Green.[2] Cruz alleged he was with Green at the time of the robberies and nowhere near the scene where they occurred. He said he gave defense counsel Green’s name and address and told him about the alibi the first time counsel visited him in jail. He alleged Green was available and willing to testify. This claim was legally sufficient. Nelson v. State, 875 So.2d 579 (Fla. 2004).
The State- argued in its response filed below that this claim was refuted by defense counsel’s statement in trial that he did not intend to present an alibi defense or witness. However, defense counsel did not give sworn testimony at trial that could have been considered. To the extent his statement suggested that counsel made a strategic or tactical decision not to present this defense, or that he was never informed of an alibi witness, the trial court should have conducted an evidentiary hearing rather than summarily denying relief. Gordon v. State, 181 So.3d 1193, 1194 (Fla. 4th DCA 2015) (citing Rector v. State, 668 So.2d 1104, 1105 (Fla. 4th DCA 1996)).
We affirm without discussion the summary denial of ground two and the denial of ground ten after an evidentiary hearing. For the reasons above, we reverse the trial court’s summary denial of grounds five *575 and seven and remand for an evidentiary hearing.

Affirmed in part, reversed and remanded in part.

Warner, Damoorgian and Levine, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla. 1971).

. Appellant also claimed counsel failed to call alibi witness Cory, a/lt/a “Gut," but he never explained who that witness was or what he would have said if called to testify. That portion of the claim, therefore, was a mere shell claim and legally insufficient.