DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARTAVIOUS CARN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1834

[May 29, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case No. 2015CF002879A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for: (1) attempt to commit burglary while armed, (2) aggravated assault with a firearm, and (3) shooting into a building. He argues the trial court erred in a number of evidentiary rulings. We disagree and affirm.

Late one night, the victim heard knocking on his front door. He approached the window near the door and asked who was there. The person at the door answered: "this is Mike." The victim turned on his porch light to see better. The person then asked him to open the door multiple times.

When the person turned toward the window, the victim could see his face clearly. He described him as a black male with a low haircut like a mohawk. He recognized the face but could not think of his name. The victim also saw a firearm.

He thought the person intended to rob or kill him. He immediately retreated from the window, went to the bedroom where his girlfriend was

sleeping, woke her up, and they both hid under the bed. His girlfriend called 911 when they suddenly heard a round of shots go off.

At the scene, police collected shell casings as well as unused rounds, but no DNA connected the defendant to the crime. After the police left, the victim went on Facebook to see if he could find the shooter. When he found the person's photos on Facebook, he brought them to the police.

A detective created a photographic lineup that another officer presented to the victim. The detective knew the victim brought Facebook photos to the station, identifying the shooter, but never saw the photos and did not use them in the lineup. The detective put the lineup together using IntelliTect, a database that uses mugshots of individuals who have been arrested.

He chose six individuals similar in sex, age, and facial features. The defendant's photo was third. The victim picked the same person in the photo lineup as the person he found on Facebook. He was "100% sure" about his choice. The victim identified the defendant but admitted that he had never met or spoken to the defendant before; he had only seen him around a few times.

The State charged the defendant with: (1) attempt to commit burglary while armed, (2) aggravated assault with a firearm, and (3) shooting into a building. Before trial, the defendant moved to suppress the out-of-court and in-court identifications, alleging both stemmed from unduly suggestive police procedures.

At the hearing, the detective testified that photo three had a darker gray background than the others. He also agreed that the individuals in photos two and five had thinner faces than the individual in photo three, and those in photos one, four, and six were more medium in their facial sizes. The trial court denied the motion to suppress the identifications, concluding they were not unduly suggestive. We agree and affirm on this issue without further comment.

At trial, the State asked the victim about a $20,000 settlement check he received. Defense counsel objected to relevance, which the trial court overruled. The victim testified he kept some cash from the settlement in his house, but had not told anyone and specifically not the defendant.

The defendant moved for judgment of acquittal. He argued the State had neither proven he committed the charged crimes nor had the specific intent to commit an offense within the victim's residence. The trial court

denied the motion.

Before trial, prior defense counsel gave notice of an alibi witness, the defendant's cousin, but his trial counsel was unaware of this until the middle of trial. The State objected to the witness because trial counsel failed to list the witness and had not disclosed an alibi defense. The court allowed the defendant's cousin to testify.

Defense counsel also asked to admit a Facebook video that purported to show the defendant walking in front of the stage at a club he claimed to be on the night of the incident. The State objected that the defense had failed to disclose the video. The court held a *Richardson*[1] hearing.

The trial court found there was a discovery violation, and it was substantial because the video corroborated the defendant's cousin's testimony. The court also found the video prejudicial because it corroborated the defendant's alibi and the club was no longer in business. The court excluded the alibi video, but allowed defense counsel to file it as a proffer.

The defendant testified and unequivocally denied the allegations. He claimed to have gone to a club with his cousin. His cousin took the stage around 1:00 a.m. and they left the club around 3:00 a.m. He then went with his children's mother to pick up their kids and go home.

The defendant's cousin explained that he and the defendant were at the club on the night of the incident. They arrived around 1:30 a.m. He took the stage at 2:45-2:50 a.m. and performed two songs. He believed they all left between 3:05-3:15 a.m. When he got home, he called the defendant to make sure he made it home safe.

The defendant renewed his motion for judgment of acquittal, arguing the State failed to prove a prima facie case of identity, failed to prove attempted burglary, and failed to prove any overt acts amounting to aggravated assault. The trial court denied the motion. The defendant also moved for mistrial based on the exclusion of the alibi video, which the court denied.

The jury found the defendant guilty on all three counts. The defendant moved for new trial, and a judgment of acquittal and/or arrest of judgment, which the court denied. The defendant now appeals.

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

The defendant argues the trial court erred in excluding the alibi video as the discovery violation was inadvertent and less extreme remedies were available. The State responds that the alibi video was properly excluded because it was highly prejudicial, and its exclusion did not prejudice the defense because the court allowed his alibi witness to testify.

When the state claims defense counsel committed a discovery violation "'the court must conduct a *Richardson* hearing to inquire about the circumstances surrounding the [] violation of the discovery rules and examine the possible prejudice to the [state].'" *Dabbs v. State*, 229 So. 3d 359, 360 (Fla. 4th DCA 2017) (citation omitted).

"The extent to which sanctions should be imposed for discovery violations depends upon whether the violation was inadvertent or willful, whether the violation was trivial or substantial, and what effect, if any, it had upon the ability of the affected party to properly prepare for trial." *State v. Plachta*, 415 So. 2d 1356, 1358 (Fla. 2d DCA 1982).

"Where the issue involves possible exclusion of defense evidence, the 'extreme sanction of excluding [] evidence . . . should be used only as a last resort' and 'it is incumbent upon the trial court . . . to determine whether any other reasonable alternatives can be employed to overcome . . . possible prejudice,' including declaration of a mistrial." *McDuffie v. State*, 970 So. 2d 312, 322 (Fla. 2007) (citations omitted).

Here, the trial court found the discovery violation was not willful, but the video was highly prejudicial.[2] Defense counsel suggested a continuance, publishing the video with a special instruction about the late disclosure, or declaring a mistrial. The trial court excluded the video.

The error in excluding the video is harmless. The video is a video of a video on someone's phone. The quality is poor at best. As the parties agreed, and is readily ascertainable from the video, no person is identifiable without explanation from the witness. Thus, the video offered no proof of an alibi on its own.

As such, the critical evidence was the alibi witness, who the court allowed to testify. Any error in excluding the video was harmless beyond a reasonable doubt. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

---

[2] The court did not view the video, but we have reviewed it on appeal. The person the defendant claims is him is barely identifiable.

The defendant next argues the trial court erred in allowing the victim to testify regarding his $20,000 settlement monies because this information lacked relevancy. The State responds the evidence was relevant to infer the defendant's intent to commit an offense in the victim's home.

We review the admissibility of evidence for an abuse of discretion limited by the rules of evidence. *Nardone v. State*, 798 So. 2d 870, 874 (Fla. 4th DCA 2001).

"Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. "Generally, any evidence relevant to prove a fact at issue is admissible unless precluded by a specific rule of exclusion." *Harden v. State*, 87 So. 3d 1243, 1246 (Fla. 4th DCA 2012). "[E]vidence may be admitted in a criminal case if it is relevant as to the motive for the crime involved." *State v. Riechmann*, 777 So. 2d 342, 365 (Fla. 2000).

Here, the defendant argues evidence of the victim's settlement would have only been relevant if he knew about it. But, the State needed to propose a motive for the robbery, which it did. The State showed the victim had a large sum of money in his home, and the State argued this fact may have been common knowledge within the neighborhood.

The court did not abuse its discretion in admitting the victim's testimony concerning the settlement.

In his fourth argument, the defendant claims the State failed to prove the shooter intended to enter the home and commit a crime within. The State responds the record contains sufficient evidence to infer the defendant intended to commit an offense inside the victim's home. Here, the defendant falsely identified himself as someone the victim knew to gain entry to the victim's home. The use of this false name shows the defendant intended to gain entrance by trickery or deceit. *Gordon v. State*, 745 So. 2d 1016, 1018 (Fla. 4th DCA 1999) (holding "consent to enter obtained by trick or fraud 'is actually no consent'" and therefore entrance obtained this way will support a conviction for burglary). We agree with the State and comment no further on this issue.[i]

*Affirmed.*

KLINGENSMITH and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

---

[i] We find no merit in the last issue concerning the trial court's denial of the defendant's motion for new trial.