# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ADRIAAN RODERICK MCDONALD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-886

[July 12, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case No. 50-2019-CF-007775-AXXX-MB.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

## ON MOTION FOR CLARIFICATION

CIKLIN, J.

Upon consideration of the motion for clarification filed by the state, we grant the motion, withdraw the opinion filed May 17, 2023, and substitute the following opinion in its place.

The defendant appeals his convictions and sentences for fifteen counts of possessing, controlling, or intentionally viewing sexual performance by a child while in possession of ten or more images of child pornography. We write to address two of the numerous issues raised by the defendant, which we find to be reversible error and to warrant a new trial. Because of the trial court's erroneous admission of previously undisclosed evidence and the allowance of an improper statement in closing arguments, we reverse and remand.

The defendant came upon law enforcement's investigatory radar after Dropbox – an online digital storage cloud service – reported to the National

Center for Missing and Exploited Children (NCMEC) that an unknown user using a specific Gmail account had uploaded 33 video or image files that Dropbox believed depicted child pornography. The defendant submitted to an interview by law enforcement, a recording of which was played at trial, in which he admitted to having a Yahoo email address. The prefix for the Yahoo address he provided matched the prefix for the Gmail address reported by Dropbox. The defendant also provided law enforcement with his phone number.

## Discovery Violation

The defendant proceeded to trial on a theory that the Gmail account in question was not his, and he testified on direct examination that he has never had a Gmail account. Thereafter, as rebuttal evidence, the state sought to enter a record—produced by Google in response to a subpoena—linking the Gmail address in question to the defendant by name and phone number. Defense counsel objected on the basis that the state had not produced the record in discovery. The trial court conducted a *Richardson*[1] hearing, determined that the state's discovery violation was not willful and that the defendant was not procedurally prejudiced, and allowed the state to admit the record.

"When a trial court learns of a possible discovery violation, 'the court must conduct a *Richardson* hearing to inquire about the circumstances surrounding' the State's discovery violation, and it must ascertain the possible prejudice to the defendant." *Ferrari v. State*, 260 So. 3d 295, 309 (Fla. 4th DCA 2018) (quoting *Cuminotto v. State*, 101 So. 3d 930, 936 (Fla. 4th DCA 2012)). "[T]he *Richardson* rule applies to evidence submitted during rebuttal." *Barrett v. State*, 649 So. 2d 219, 222 (Fla. 1994).

If the trial court determines that a discovery violation occurred, it must then determine: "(1) whether the discovery violation was inadvertent or willful; (2) whether it was trivial or substantial; and (3) whether noncompliance with the discovery requirements prejudiced the defense's ability to prepare for trial." *Cruz v. State*, 222 So. 3d 572, 574 (Fla. 4th DCA 2017). Only the third prong, whether the discovery violation procedurally prejudiced the defendant, is at issue in this appeal.

"[A] discovery violation is subject to a harmless error analysis," and "the State has the heavy burden to show the lack of procedural prejudice." *Ferrari*, 260 So. 3d at 311. "A *Richardson* violation is harmless error 'only if an appellate court can determine, beyond a reasonable doubt, that the

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

defense was not procedurally prejudiced[.]'" *Id.* (quoting *Goldsmith v. State,* 182 So. 3d 824, 828 (Fla. 4th DCA 2016)).

> In determining whether a *Richardson* violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
>
> . . . .
>
> We recognize that in the vast majority of cases it will be readily apparent that the record is insufficient to support a finding of harmless error.

*State v. Schopp,* 653 So. 2d 1016, 1020-21 (Fla. 1995), *holding clarified by Scipio v. State,* 928 So. 2d 1138 (Fla. 2006).

"[T]he test for prejudice does *not* concern the impact of the undisclosed evidence on the fact-finder." *Scipio,* 928 So. 2d at 1148 (emphasis in original). "An analysis of procedural prejudice does not ask how the undisclosed piece of evidence affected the case as it was actually presented to the jury." *Id.* at 1149. "Rather, it considers how the defense might have responded had it known about the undisclosed piece of evidence and contemplates the possibility that the defense could have acted to counter the harmful effects of the discovery violation." *Id.*

*Goldsmith* is instructive to the case at hand. Goldsmith was charged with robbery and related charges. 182 So. 3d at 826. The victim, who did not testify at trial, identified the perpetrator as "Biggy" in the 911 call that was admitted into evidence. *Id.* On cross-examination, Goldsmith denied

3

having the nickname Biggy. *Id.* at 827. The prosecutor then showed him an undisclosed printout of his Facebook page, which said, "BIGGY." *Id.* The trial court concluded no discovery violation had occurred and failed to address the three prongs of *Richardson. Id.* at 827-28.

We reversed and remanded for a new trial, explaining that the Facebook page's public availability did not negate the state's duty to disclose it, and the violation was not trivial, as it "served to damage appellant's credibility and to corroborate the male victim's statements on the 911 call." *Id.* at 828. We further explained:

> We are compelled to reverse because the State has failed to show that the defense was not procedurally prejudiced by the prosecutor's surprise use of appellant's Facebook page to impeach his testimony that he did not go by the nickname "Biggy." Had the Facebook printout been timely disclosed to the defense before appellant took the stand, defense counsel could have discussed the issue with appellant before he testified. Thus, at a minimum, the prosecutor's discovery violation could have affected appellant's decision as to whether to testify.

*Id.*

Similarly, in *Dabbs v. State*, 229 So. 3d 359, 360 (Fla. 4th DCA 2017), Dabbs was charged with killing his co-worker and presented a defense theory alleging in part that the co-worker owned the gun used to shoot him, brought it to the murder scene, and Dabbs wrestled it away from him. After the victim's ownership of the gun was implied in opening statements, the trial court permitted the state to introduce previously undisclosed evidence to show that the victim did not own the gun. *Id.* We reversed and remanded for a new trial, recognizing that "[a]t the time of opening statements, none of the State's proffered evidence would have conclusively disproved [the defense] theory," and "[h]ad Appellant known that the State was planning on using this evidence and witness, there is a 'reasonable probability' that Appellant's strategy for opening statement would have been different." *Id.* at 361. We further noted "that new discovery which requires a defendant to 'back step' statements already made is prejudicial." *Id.* (citing *Brown v. State*, 640 So. 2d 106, 107-08 (Fla. 4th DCA 1994) (reversing and remanding for a new trial where defense counsel stated in opening that car in which cocaine was found was not defendant's and prosecution later introduced an undisclosed statement that defendant told officer that car was his)); *see also McArthur v. State*, 671 So. 2d 867, 868-70 (Fla. 4th DCA 1996) (in sexual battery case, reversing where state

4

disclosed pre-trial lab report mistakenly reflecting that victim's shorts were not torn, defendant presented consent theory in opening statements, and state was permitted to introduce victim's torn shorts into evidence).

In the instant case, immediately after the defendant testified that he had never intentionally possessed or viewed child pornography, he testified that he did not have the specified Gmail account, and he denied ever having a Gmail account. The trial court then permitted the state to surprise the defendant by introducing the previously undisclosed Gmail records, which the prosecutor described as "the Google subscriber information, that has the defendant's name on the account with the email at issue with this Dropbox account, recovery emails, the date that the email account was created which was March 28, 2010, his phone number listed here, as well as alternative emails." The prosecutor also referred to the Gmail records in closing argument.

The defendant was procedurally prejudiced, and the state has not demonstrated harmless error beyond a reasonable doubt. The undisclosed Gmail records directly impeached the defendant's testimony that he has never had a Gmail account, and, accordingly, served to damage his credibility. Had the discovery violation not occurred, in all likelihood, the defense strategy would have been altered, and thus trial preparation would have been different. Defense counsel would have discussed the evidence with the defendant, and he may have chosen to pursue a different defense theory and/or to not testify. Accordingly, because the trial court's ruling severely undermined the defendant's testimony and theory of his case causing procedural prejudice, we reverse and remand for a new trial.

### Improper Prosecutorial Closing Argument

We address the next issue, an improper statement in closing argument, to prevent its repetition on remand. "Where a defendant objects to allegedly improper comments, and the objection is overruled, our standard of review is abuse of discretion." *Panchoo v. State*, 185 So. 3d 562, 564 (Fla. 5th DCA 2016).

"[T]he courts of this state allow attorneys wide latitude to argue to the jury during closing argument. Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments." *Smith v. State*, 7 So. 3d 473, 509 (Fla. 2009) (citation omitted). However, "a prosecutor's comments must be based on facts in evidence or fair inference from those facts." *McKenzie v. State*, 830 So. 2d 234, 238 (Fla. 4th DCA 2002). "Arguing facts that are not supported by the record is clearly improper. It is well settled that a prosecutor must confine closing argument to evidence

5

in the record, and must refrain from comments that could not be reasonably inferred from the evidence." *Id.* (citations omitted).

At trial, the state produced evidence that the defendant used internet websites including Kik, Omegle, and Mega to obtain pornographic materials. The prosecutor stated in closing arguments that "[t]he majority of the time [these websites] are used for trading illegal child pornography." The trial court overruled an objection to this statement.

As the state concedes, any evidence that most people using these websites did so to exchange child pornography was never developed during trial and thus did not support the prosecutor's inflammatory argument. Improper closing argument has no rightful place in the repertoire of criminal trials and with the barest of trial preparation is easy to avoid. The statement was improper, and we caution against its re-use on remand.

The defendant raises numerous other issues, but they are either meritless, unpreserved, or are rendered moot by our determination that a new trial is warranted due to the errors described above. However, we note that, should the matter again proceed to sentencing and the state seeks prosecution costs exceeding the statutory minimum, the state must properly request and prove these costs. *See Guadagno v. State*, 291 So. 3d 962, 962 (Fla. 4th DCA 2020).

*Reversed and remanded for a new trial.*

MAY and KUNTZ, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**